## EDY *vs.* McCOY.

1. In assumpsit to recover from defendant for the board of an orphan minor, who had no guardian, the plaintiff showed such a state of facts as tended to prove that defendant had placed himself *in loco parentis* to her. *Held*,

   That to rebut this presumption, and to show the manner in which he had received the child into his house, and his motive in receiving her, and afterwards carrying her to plaintiff's, the defendant might prove declarations made by the child at the time she came to his house.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. Robert Dougherty.

This was on action of assumpsit, brought by the plaintiff to recover of the defendant for the board of a minor by the name of Amanda Phipps. It appeared that the father and mother of the child were both dead, and that they left five small children; three of whom were taken by the plaintiff to be raised, and Amanda was taken by Mr. Dozier. The girl left the house of Dozier and came to the defendant's, and remained there for several days. The defendant being about to go to Tuskegee, and having to pass near the residence of the plaintiff, she requested to go with him to see her brothers and sisters. The defendant at first objected, but finally consented and took her with him; when they came near the plaintiff's residence, he pointed out the house to her, and she went to it. Some time afterwards the plaintiff requested the defendant to take her away, and said that if he did not he would charge him with her board; but this was not done, and the girl still remains at the house of the plaintiff. It also appeared that Amanda had no guardian. The defendant introduced a witness, who stated that the child said, when she first came from Dozier's to the house of the defendant, that she was not well treated at Dozier's, and that she wanted to stay at the defendant's until he could send her to the plaintiff's. To this testimony offered by the defendant, the plaintiff objected, but his objection was overruled.

RICE, for plaintiff.

FALKNER, *contra.*

CHILTON, J.—The question involved in the issue to be tried by the jury in the court below was, whether the facts of the case showed that McCoy was liable to Edy for the board of the child Amanda. How was this to be shown? Edy attempted to establish his liability, by showing that he had brought the child to his house, and thus laid the predicate for a presumption that McCoy had assumed a *quasi* guardianship for the child, and had by his acts with reference to her, placed himself *in loco parentis*. It was certainly competent for McCoy to rebut this proof. Suppose he had, on his way to Tuskegee, found the child walking in the road, and she had requested a seat in his carriage to ride as far as Edy's, and from motives of kindness he had granted her request, it is too plain for argument that her declarations which prompted him to receive her into his carriage, and which consequently explain the act, would have been good evidence as constituting part of the *res gestae*. We entertain no doubt, and all the authorities are agreed, that even the declarations of McCoy himself, accompanying the act of receiving her, and explanatory of that act, would have been legitimate proof. This is a plain elementary principle of the law. Now how is the principle altered, when instead of meeting the child by the way-side, she comes to his house, and prays admittance until he could send her to Edy's where her brothers and sisters resided, urging as a reason why he should do this, her ill-treatment at Dozier's. The question immediately springs up, when Edy proved the child was in the care of McCoy, what relation did he sustain to her? Did he receive her under his roof to support her, or did he, as an act of benevolence merely, receive her temporarily to send her elsewhere? The manner in which he took charge of her, is the main fact to be proved, as upon that depended his liability for her board, and all the circumstances connected with her being received under the protection of McCoy, explanatory of such reception, are clearly legitimate proof. The proof clearly tended to show, that McCoy received the child for the purpose of taking her to her relation's house, and was influenced by motives of benevolence, and not for the purpose of keeping her as a permanent member of his family; and thus tended to explain the act, not only as to how he received her, but the reasons for

taking her to the house of Edy, namely, that he merely received her for that purpose, being induced to do so from feelings of benevolence, excited by the declarations of the child of mistreatment at Mr. Dozier's.

We think it quite clear, that the court committed no error in admitting the proof.

Judgment of affirmance.